URSULA, OCTAVIA, AMALIA, SOFÍA, ANTONIA, LUIS ANTONIO, FELIPE PIERALDI Y CEDEÑO, RAFAEL CÁTALA RODRÍGUEZ, MONSERRATE CAPAS, ALICE DELGADO, BENJAMÍN FERMOSA, y JUAN M. GALLETTI, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 658.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Febrero 3, 1927.

EJECUCIÓN—VENTA—TRASPASO AL COMPRADOR—REGISTRO E INSCRIPCIÓN—DEFECTOS SUBSANABLES—BIENES HEREDITARIOS ADJUDICADOS EN PAGO DE DEUDAS—SUJECIÓN DE AQUELLOS A CONDICIONES IMPUESTAS A HEREDEROS O LEGATARIOS POR EL TESTADOR.—No estando el derecho de un acreedor—a quien en procedimiento en cobro de deuda contra una administración judicial de una herencia se le adjudican bienes de dicha herencia en pago de su deuda—limitado por disposición alguna del testador impuesta a los herederos o legatarios, la inscripción de la venta judicial de adjudicación en pago no está sujeta a defecto subsanable alguno de no haberse acreditado el cumplimiento de una condición impuesta por el testador a dichos herederos o legatarios.

NOTA de *Luis Capó Matres,* R. (San Germán), denegando subsanación de defecto en escritura de venta judicial. *Revocada* ordenándose la subsanación solicitada.

*José Tous Soto,* abogado del recurrente; *El Registrador* recurrido, no compareció.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Juan Emilio Totti en un pleito que siguió contra Bertha M. Pieraldi como heredera y administradora judicial de la herencia de Felipe Pieraldi, subastó y adquirió por adjudicación en pago de su reclamación, un condominio de la mitad de cierta finca rústica denominada "Mogotes."

El causante Pieraldi había fallecido bajo testamento dejando en usufructo todos sus bienes a su hija adoptiva Bertha M. Pieraldi, a quien pasarían en pleno dominio en caso de que llegara a tener hijos.

Según se desprende del récord y del alegato de los recurrentes, al presentarse la escritura de venta judicial a favor de Totti, el registrador exigió la inscripción previa del condominio que fué objeto del remate, a nombre de los herederos de Pieraldi, inscribiendo entonces la venta judicial con el defecto subsanable de no haberse acreditado el cumplimiento de la condición, quedando limitado de este modo el derecho del comprador. De este defecto no se recurrió al hacerse dicha inscripción, pero más luego sé presentó al registro dicha escritura de venta judicial con el fin de subsanar tal defecto, pero el registrador denegó lo solicitado mediante la nota que dice:

"Denegada la subsanación del defecto consignado en la inscripción 4ª de la finca No. 599, al folio 132 del tomo 12 del ayuntamiento de Yauco, denominada hacienda 'Mogotes'. . . . en cuanto a lo que se refiere a la condición resolutoria, porque al presente existen los motivos en que aquel defecto descansa y está basado. Después de la consignación de tal defecto, no ha habido ni se ha presentado a este Registro documento alguno que invaliden o hagan inexistente dicho defecto, que vive aún dentro de la naturaleza y causa que lo motivó, pues su estado jurídico es el mismo desde su consignación. La venta judicial que se llevó a efecto de un condominio de la finca en cuestión no ha borrado ni puede hacer desaparecer tal defecto, pues ella arrastró o llevó consigo el mismo, que tiene su verbo u origen en el título en que se consignó tal condición resolutoria. Las ventas, enajenaciones o cualquier otra operación que se haya hecho de dicha finca hasta el presente, en nada afectan el estado ni causa de dicho defecto. Si la condición resolutoria ha sido o no cumplida, es materia que incumbe probar a los interesados que tienen interés en que tal defecto se subsane, pero tal cosa no puede obtenerse mediante una solicitud suscrita como la que se acompañó y también motiva la nota denegatoria, en que ni siquiera se hace parte de la misma a la interesada en dicha condición resolutoria, la legataria Bertha María Pieraldi. parte interesada en la misma, . . . ."

Después de esta nota fué retirado el documento y se presentó nuevamente una segunda solicitud con igual objeto, acompañada de una certificación de la sentencia dictada por la corte de Distrito de Ponce, nombrándose a Bertha N. Pieraldi administradora judicial de la herencia de su causante Felipe Pieraldi. El registrador denegó por segunda vez la subsanación del defecto referido por los mismos fundamentos de su nota precedente, y por haberse además consentido.

El procedimiento seguido por Totti contra la administración judicial de la herencia de Felipe Pieraldi fué en cobro de deudas causadas por el último y la adjudicación del condominio en la finca ''Mogotes'' se hizo para el pago de las mismas. Totti, por consiguiente, era un acreedor de la herencia de Pieraldi y su derecho adjudicándole bienes de la misma para saldar su deuda, no podía estar limitado por la disposición testamentaria que el testador hiciera a favor de su hija adoptiva, a quien legaba todos sus bienes en usufructo y el pleno dominio una vez que tuviera prole. El principio es bien conocido. Primero es pagar que heredar. Preferente es el derecho de los acreedores al de los herederos. ''Aun enfrente de legitimarios, el artículo 818 (equivalente al 806 del Código Civil Revisado) preceptúa que antes de fijar la porción forzosa, se deduzca del caudal hereditario el importe de las deudas.'' Manresa, tomo 7, pág. 759, 3ra. ed. Y en relación con los legatarios, en el mismo tomo, página 488, se dice además:

''Es ésta una consecuencia lógica y natural del principio de que nadie puede disponer gratuitamente de sus bienes cuando tiene deudas que los absorben o perjudica con sus actos a un tercero. Los acreedores, si no se les paga, reciben daño; los legatarios sólo dejan de obtener una ganancia; aquéllos realizaron en beneficio del causante alguna prestación que exige su equivalente; estos nada hicieron ni nada entregaron por su parte; su título es puramente lucrativo. De aquí que ante los intereses de los acreedores, el valor de los bienes repartidos en legados por el causante representa un activo de la sucesión, cuyo activo puede ser absorbido en su beneficio.''

El defecto de que se quejan los recurrentes, por otra parte, no existe legalmente y estos en todo tiempo han podido pedir que se subsane.

*La nota del registrador de octubre 8, 1926, debe ser revocada y ordenarse la subsanación de lo solicitado.*